IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| THERESA J. SPECK,<br><br>Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>Defendant. | CV 21-36-BLG-KLD<br><br><br><br>ORDER |

On August 31, 2022, this Court affirmed the Commissioner's decision denying Plaintiff's application for disability insurance benefits and supplemental security income payments under the Social Security Act. (Doc. 16). Plaintiff appealed, and on June 23, 2023, the Ninth Circuit Court of Appeals issued a memorandum disposition, effective August 15, 2023, reversing and remanding this matter to the agency for further proceedings. (Docs. 20, 21).

This matter comes before the Court now on Plaintiff's application for an award of attorney's fees in the total amount of $22,726.28 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (Doc. 23).

//

1

I.      **Legal Standards**

Under the EAJA, a party who prevails in a civil action against the United States is entitled to an award of attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Although there is a presumption under the EAJA that fees will be awarded to prevailing parties, "Congress did not intend fee shifting to be mandatory." *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). Whether to award fees is within the discretion of the court. *Flores*, 49 F.3d at 567.

The government bears the burden of proving that its position was substantially justified. *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988). The government's position is substantially justified if it has a reasonable basis both in law and fact. *Decker v. Berryhill*, 856 F.3d 659, 664 (9th Cir. 2017). A determination that an "agency's decision was unsupported by substantial evidence is a strong indication that the position of the United States was not substantially justified." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). *Meier* made clear that if substantial evidence does not support an ALJ's decision, it is the "decidedly unusual case" in which substantial justification within the meaning of the EAJA

exists. *Meier*, 727 F.3d at 872 (quoting *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005)).

Courts in the Ninth Circuit apply the principles set forth in *Henlsey v. Eckerhart*, 461 U.S. 424 (1983) to determine what constitutes a reasonable fee award under the EAJA. *Costa v. Comm'r of Soc. Sec. Admin.,* 690 F.3d 1132, 1135 (9th Cir. 2012). The prevailing party has the burden of proving that the fee amount requested is reasonable, and must submit supporting documentation. *Hensley*, 461 U.S. at 433; 28 U.S.C. § 2412(d)(b)(B).

To determine the amount of a reasonable fee, courts generally take "the number of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley*, 461 U.S. at 433. The court may reduce a fee award if the supporting documentation is inadequate, or the applicant claims hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 433. As a general rule, "the district court must give reasons for reducing fees." *Costa*, 690 F.3d at 1135. The court may, however, "impose a reduction of up to 10 percent – a 'haircut' – based purely on the exercise of its discretion and without more specific explanation." *Costa*, 690 F.3d at 1135 (citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)).

//

## II.   Discussion

Plaintiff seeks attorney fees in the total amount of $22,726.28 for 98.47 hours of work performed by attorney John Seidlitz, who primarily represented Plaintiff during the proceedings before this Court, and James O'Brien, who represented her on appeal to the Ninth Circuit. (Doc. 23). As to Seidlitz, Plaintiff seeks fees in amount of $12,625.66, which represents 37.30 hours of work at the hourly rate of $217.54 for work performed in 2021, 11.40 hours of work at the hourly rate of $234.95 for work performed in 2022, and 7.55 hours of work at the hourly rate of $242.78 for work performed in 2023. (Doc. 23 at 4, 7-12). As to O'Brien, Plaintiff seeks fees in the amount of $10,100.62, which represents 19.10 hours of work at the hourly rate of $234.95 for work performed in 2022 and 23.12 hours of work at the hourly rate of $242.78 for work performed in 2023. (Doc. 23 at 5, 8-12).

The Commissioner does not dispute that Plaintiff is a prevailing party for purposes of an EAJA fee award, but opposes Plaintiff's motion on the basis that the agency's position was substantially justified. Although the Ninth Circuit held that the ALJ failed to properly discount Plaintiff's testimony and her treating physician's opinion, the Commissioner argues the fact that this Court affirmed the ALJ's decision shows that the agency's position had a reasonable basis in law and

4

fact. But the fact that this Court affirmed the ALJ's decision does not necessarily mean that the Commissioner's position was substantially justified. *See Kiran v. Kijakazi*, 2023 WL 122662, at *2 (D. Ore. Jan. 6, 2023). The Ninth Circuit rejected the Commissioner's legal arguments, and held the ALJ's determination that Plaintiff could perform sedentary work was not supported by substantial evidence. (Doc. 20 at 5). Given the multiple errors identified by the Ninth Circuit, the Commissioner has not demonstrated that this is the "decidedly unusual case" in which the agency's position was substantially justified. *Meier*, 727 F.3d at 872.

The Commissioner next argues that even if the agency's position was not substantially justified, the requested fee amount is unreasonable. The Commissioner does not object to the hourly EAJA rates sought, but argues the fee amount should be reduced because some of the hours expended were duplicative or otherwise unnecessary. As reflected in the itemized statement of attorney hours submitted by Plaintiff in support of her fee application, Seidlitz handled proceedings in this Court through October 2022, and starting in December 2022, O'Brien did the majority of work on the Ninth Circuit appeal. (Doc. 23 at 7-11). The Commissioner notes that Plaintiff is requesting fees for approximately two hours that Seidlitz spent corresponding with O'Brien in apparent preparation for his later involvement, and several hours that O'Brien spent familiarizing himself

5

with the law and the facts of the case. (Doc. 23 at 7-11). Because Seidlitz had already briefed the case and was therefore presumably familiar with the record, the Commissioner argues that the time O'Brien spent familiarizing himself with the case duplicated Seidlitz's prior work. The Commissioner points to several billing entries reflecting that counsel likely duplicated some of their efforts, including by performing redundant record review, case file review, and docket review. (Doc. 24 at 11, citing Doc. 23 at 7-11 and comparing, *e.g.*, billing entries dated 7/26/21-7/29/21 with 12/13/21-12/16/21; billing entries dated 9/1/22, 10/27/22 with 12/12/22, 12/14/22, 12/18/22, 12/20/22, 5/2/23)).

  The Commissioner also points out that Plaintiff is requesting fees for a combined total of 16 hours that Seidlitz and O'Brien spent traveling to and from Portland for oral argument at the Ninth Circuit in June 2023. (Doc. 23 at 11 (billing entries dated 6/11/23, 6/12/23)). Because Seidlitz did not participate in the oral argument and could have viewed the livestream of the argument on the Ninth Circuit's website, the Commissioner argues his presence was unnecessary and the eight hours he spent traveling to and from Portland should be excluded from the fee award. As to the remaining time, the Commissioner asks the Court to reduce the fee award by ten percent to account for duplicative work by Plaintiff's two attorneys. (Doc. 24 at 9-11).

Plaintiff counters that her attorney fee request is reasonable, but does not specifically address or contest the Commissioner's examples of duplicative work and unnecessary travel time. (Doc. 25 at 8-9). Instead, Plaintiff provides a list of fee awards in other social security cases and summarily argues that her fee request is reasonable because: "The fees represent work of one attorney at District Court and the second at the Ninth Circuit. The oral argument was necessary per Court Order." (Doc. 25 at 8-9).

The Court has reviewed Plaintiff's itemized statement of attorney hours and agrees with the Commissioner that the 98.47 hours for which Plaintiff seeks to recover fees is somewhat excessive. The Court will exclude 8 hours for Seidlitz's travel to and from Portland on the ground that those hours were unnecessary. (Doc. 23 at 11 (billing entries dated 6/11/23, 6/12/2023). Those hours were billed at the rate of $242.78 per hour, resulting in a reduction of $1,942.24 from the $22,726.28 fee award requested, leaving a fee award amount of $20,784.04.

In addition, as authorized under *Costa*, the Court will reduce the remaining fee award amount of $20,784.04 by an additional ten percent ($2,078.40) to account for redundancies in the work performed by counsel, including correspondence between counsel and redundant record review, case file review, and docket review. (Doc. 23 at 7-11). *See e.g. Lahiri v. Universal Music & Video*

*Distribution Corp.*, 606 F.3d 1216, 1222–23 (9th Cir.2010) (affirming a 10% fee reduction for excessive and redundant work). With these reductions, Plaintiff is entitled to a total attorney fee award amount of $18,705.64.

In her fee application, Plaintiff requests fees to Seidlitz in the total amount of $12,625.66, and fees to O'Brien in the total amount of $10,100.62. (Doc. 23 at 4-5). The fee request for O'Brien includes all 16 hours of travel time for both attorneys to and from Portland for oral argument in June 2023, at the hourly rate of $242.78. (Doc. 23 at 5, 10-11). As discussed above, Plaintiff is not entitled to attorney fees for Seidlitz's eight hours of travel time. The Court will therefore deduct $1,942.24 from O'Brien's $10,100.62 fee request for Seidlitz's travel time, and reduce the remaining $8,158.38 by 10% ($815.84), for a total fee award of $7,342.54 payable to O'Brien.

Finally, reducing the $12,625.66 fee request for Seidlitz by ten percent ($1,262.56) leaves a total fee award of $11,363.10 payable to Seidlitz.

### III. Conclusion

For the reasons set forth above,

IT IS ORDERED that Plaintiff's motion for attorney fees is GRANTED in the amount of $18,705.64, representing $11,363.10 in fees to Seidlitz and $7,342.54 in fees to O'Brien under the Equal Access to Justice Act, 28 U.S.C.

§2412. If, after receiving the Court's EAJA fee order, the Commissioner (1) determines upon effectuation of the Court's EAJA fee order that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, (2) agrees to waive the requirements of the Anti-Assignment Act, and (3) is provided a valid assignment of fees executed by Plaintiff, the fees will be made payable to Plaintiff's attorneys and mailed to Plaintiff's attorneys' offices as follows:

> Seidlitz Law Office
> P.O. Box 1581
> Great Falls, MT 59403-1581
>
> O'Brien Law Office
> P.O. Box 7936
> Missoula, MT 59807-7936

However, if there is a debt owned under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and any remaining EAJA fees after offset will be paid by a check made out to Plaintiff's attorneys, and mailed to Plaintiff's attorneys' offices at the address stated above.

DATED this 23rd day of October, 2023.

_____
Kathleen L. DeSoto
United States Magistrate Judge